TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JULIE A. SOTTOSANTI
Assistant U.S. Attorney
AZ Bar. No. 025496
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Julie.sottosanti@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States America,<br>Plaintiff,<br>vs.<br>Ezekqio Chavez,<br>Defendant. | 24-CR-05616-RM-3<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States of America respectfully submits its sentencing memorandum in the above-captioned matter. The sentencing hearing is scheduled for June 3, 2026, before the Honorable U.S. District Court Judge Rosemary Marquez. The United States agrees with Presentence Report (PSR) calculations and recommends a sentence of between 37-46 months incarceration.

The PSR accurately calculates the defendant's total offense level at 27, accounting for enhancements pursuant to USSG §2K2.1(b)(1)(B)[1], USSG §2K2.1(b)(5)(A)[2], and USSG §2K2.1(b)(6)(A)[3]. (PSR ¶¶ 54-65). The defendant falls into criminal history

[1] Number of firearms

[2] Conviction under 18 USC § 933(a)(3)

[3] Knowledge firearms would be transported out of the United States

category I, and his resulting guideline range is 70-87 months incarceration. (PSR p.19). The plea agreement provides the defendant will not receive a sentence higher than the 70-month low end of the guideline range. (PSR ⁋ 111).

The PSR recommends a 10-level downward variance to 24 months incarceration. While the government agrees that a variance is warranted, reducing the sentence by more than half is inappropriate given the seriousness of the offense. The government instead requests a six-level variance to the level-21 range of 37-46 months.

When imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The sentenced imposed shall reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to future criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The defendant has a prior 2022 Endangerment conviction and was still on probation when he committed this offense. (PSR ⁋ 68). He was prohibited from possessing firearms under both Arizona law and his probation terms yet participated in a gun-trafficking conspiracy. His conduct on pretrial release is also concerning – he continued posting firearms for sale on social media. (PSR p. 22). Given his history and conduct, a higher sentence than his co-defendants would not create an unwarranted disparity.

The nature of this offense is serious. The defendant worked within a gun-trafficking organization responsible for moving significant quantities of firearms into Mexico, as evidenced by the numerous purchases and the large number of empty rifle boxes found in stash houses. (PSR ⁋ 30, 36). These weapons almost certainly armed drug cartels, escalating violence and endangering communities on both sides of the border.

Given the defendant's conduct and history, a six-level variance is appropriate. A sentence within the level-21 range of 37-46 months reflects the seriousness of the offense,

promotes respect for the law, and provides just punishment.

Respectfully submitted this 1st day of June, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Julie A. Sottosanti*
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
Other means this 1st day of June, 2025, to:

All ECF Participants